**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PAMELA J. DANIELS,** *et al.,*

      **Plaintiffs,**

    **vs.**                          **Case No. 2:15-cv-408**
                                          **Magistrate Judge King**

**PIKE COUNTY COMMISSIONERS,**
*et al.,*

      **Defendants.**

<u>**OPNION AND ORDER**</u>

Plaintiffs Pamela J. Daniels and Rachel Barron were employed by the Pike County Prosecutor's office and worked under the direct supervision of the Pike County Prosecutor, defendant Robert Junk. *Complaint*, ECF 1, ¶¶ 8-11.  Plaintiffs allege that they were harassed and discriminated against by defendant Junk.  Specifically plaintiff Daniels alleges that her employment was terminated on the basis of her gender and in retaliation for reporting harassment; plaintiff Barron alleges that she was constructively discharged.  Plaintiffs assert claims of hostile work environment, sex discrimination, and retaliation under Title VII, 42 U.S.C. § 2000e-5, and O.R.C. § 4112.02.  Plaintiffs also assert claims of intentional infliction of emotional distress.  The *Complaint* asserts claims for damages against the Pike County Commissioners and defendant Junk in his individual and official capacity.

1

This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), on the motion of the Pike County Commissioners to dismiss[1] ("*Defendants' Motion*"), ECF 4. *Defendants' Motion* seeks dismissal, for failure to state a claim, of plaintiffs' Title VII claims for hostile work environment, sex discrimination, and retaliation.  The Pike County Commissioners argue that they are not a proper party because they "do not oversee Defendant Junk or the Pike County Prosecutor's office" and "do not participate in the hiring or firing in the Prosecutor's office, and, as an entity, do not oversee, manage, or direct the aforesaid office." *Id*. at p. 4.  Defendants argue that plaintiffs' Title VII claims should be dismissed because "the Pike County Prosecutor's office is a separate and distinct division [of Pike County], and to [defendants'] counsel's knowledge, does not employee [sic] fifteen or more people." *Id*. at p. 5.

Plaintiffs oppose *Defendants' Motion*.  *Plaintiffs' Memorandum Contra Defendants' Motion to Dismiss* ("*Plaintiffs' Response*"), ECF 6. Plaintiffs argue that the "*Complaint* properly states a claim against Pike County by naming the Pike County Commissioners in the caption of the complaint as the party-defendants." *Id*. at p. 1 (emphasis in original).  Plaintiffs argue that Pike County has more than 15 employees and that they "properly named the county as a defendant on a theory of employer liability." *Id*. at pp. 3-4.  Defendants were

---

[1] *Defendants' Motion* represents that it was filed on behalf of the Pike County Commissioners and defendant Junk.  The *Preliminary Pretrial Order* clarifies that the motion was filed on behalf of only the Pike County Commissioners. *See Preliminary Pretrial Order*, ECF 9.

granted an extension of time to file a reply, *Preliminary Pretrial Order*, ECF 9, but no reply has been filed.

## II.  Standard

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*  Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. Discussion

*Defendants' Motion* seeks the dismissal of the Pike County Commissioners on the basis that they are not a proper party.  It appears from *Plaintiffs' Response* that plaintiffs intend to assert

only official capacity claims against the Pike County Commissioners
and that they have joined the Commissioners as defendants in an effort
to state a claim against Pike County.  *See Plaintiffs' Response*, pp. 1
("Plaintiff's Complaint properly states a claim against Pike County by
naming the Pike County Commissioners in the caption of the complaint
as the party-defendants.") (emphasis in original), 2 ("Plaintiffs
properly stated claims against Pike County for direct and vicarious
employer liability."), 2 ("In this instance, Robert Junk is the Pike
County prosecutor.  It is undisputed that he is an employee of the
county.  Further, Mr. Junk serves in a high-level supervisory capacity
to the extent that he can, and did, in this case, take tangible
employment actions against the individual Plaintiffs, i.e. discharge
and constructive discharge.  For all intents and purposes, given his
high level of authority, Robert Junk's actions *are* the county's
actions, therefore the county can be held vicariously liable for his
actions.")(emphasis in original), 3 ("Plaintiffs have plead sufficient
facts that, if taken as true, would create *direct* liability on the
part of Pike County as Robert Junk's employer.") (emphasis in
original).  Plaintiffs argue that the Pike County Commissioners and
defendant Junk are employees of Pike County and that the official
capacity claims against these defendants are actually claims against
Pike County.  Pike County is not a named defendant.

Official capacity suits "'generally represent only another way of
pleading an action against an entity of which an officer is an
agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting

4

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). Here, the parties seem to disagree, for these purposes, about the role of defendant Junk in Pike County. As discussed *supra*, plaintiffs argue that defendant Junk is an agent of Pike County. *Plaintiffs' Response*, p. 2. Plaintiffs allege, however, that defendant Junk is an employee of the Pike County Commissioners. *Complaint*, ¶ 8. The defendant Commissioners argue that defendant Junk is an employee of the Pike County Prosecutor's Office, which "is a separate and distinct division" of Pike County *Defendants' Motion*, p. 5. Neither plaintiffs nor defendants cite any authority in support of their arguments.

It is also unclear whether plaintiffs intend to assert claims against the Pike County Commissioners in their individual capacities. Although *Plaintiffs' Response* suggests that plaintiffs assert only official capacity claims against the Pike County Commissioners, the *Complaint* alleges that the defendant Commissioners "knew or should have known that Defendant Junk was perpetrating unlawful discrimination against Plaintiffs and either ratified this conduct and/or failed to prevent such conduct." *Id.* at ¶ 34.

Because of this ambiguity in the record, plaintiffs are **ORDERED** to file, within fourteen days, an amended complaint that not only names the defendants sued but also expressly states in what capacity each defendant is sued.

5

*Defendants' Motion*, ECF 4, is **DENIED** without prejudice to renewal, if otherwise appropriate, following the filing of the anticipated amended complaint.


June 19, 2015                            ____s/Norah McCann King_____
                                              Norah MᶜCann King
                                         United States Magistrate Judge